# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:05CV294-MU-02


| | | |
|---|---|---|
| ERIC L. TOLBERT, | ) | |
|     Petitioner, | ) | |
| | ) | |
|       v. | ) | ORDER |
| | ) | |
| (FNU) ROWLAND, Admin., | ) | |
|     Respondent. | ) | |


**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of <u>Habeas Corpus</u>, filed June 21, 2005. For the reasons stated herein, the instant Petition will be <u>dismissed</u>.

## I.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to the Petition, at some unspecified point in 1998, the petitioner pled guilty to Second Degree Murder and Armed Robbery. Accordingly, on that occasion, the Superior Court of Mecklenburg County convicted the petitioner and sentenced him to an undisclosed term of imprisonment.

The petitioner reports that he filed an appeal with the North Carolina Court of Appeals at some point; however, that appeal was "interlocutory" and unsuccessful. In addition, the petitioner reports that he sought "further review" by the State Court of Appeals, but he fails to indicate either the relevant dates or the result of his efforts. Finally, with regard to direct review, the

petitioner makes no mention of any review in the State Supreme Court, and he expressly states that he did <u>not</u> seek certiorari review in the U.S. Supreme Court.

Regarding collateral review, the petitioner reports that he filed a Motion for Appropriate Relief in the Superior Court of Mecklenburg Count at some point in 1999; and that the Superior Court did not conduct a hearing on his Motion. However, the petitioner failed to indicate the result of that Motion. Presumably, such Motion was denied inasmuch as the petitioner has indicated that he did <u>not</u> appeal the trial court's decision on that Motion.

Notwithstanding the passage of at least seven years since the time that the petitioner's convictions and sentence(s) were imposed, he has now come to this Court with the instant federal <u>Habeas</u> Petition. By the subject Petition, the petitioner alleges that his convictions were obtained by coercion and the suppression of evidence, all in violation of the First, Fourth, Fifth and Sixth Amendments, and the rule announced in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The petitioner also alleges that he was subjected to ineffective assistance of counsel in certain respects; that even if his convictions are valid, his sentence is invalid because he was subjected to racial discrimination in that Caucasian defendants who face the same charges, receive lower sentences that he received. Last, the petitioner alleges that he has obtained "newly discovered evidence," which evidence is favorable to him.

Notwithstanding the fact that the petitioner has failed to set forth a single fact in support of his conclusory claims, it appears from the foregoing recitation that the instant Petition is subject to summary dismissal as untimely filed.

## II.  **ANALYSIS**

_____Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation under this subsection.

As has been noted, the instant Petition reports that the petitioner sustained his convictions on some unspecified date in 1998. Although the petitioner claims that he appealed those matters, he failed to set forth any information concerning the dates on which his appeal was filed and denied. The Court conducted some research to attempt to determine these matters on its own and was entirely unsuccessful. That is, a search of a computerized data base for North Carolina appellate cases did not disclose any appeal for the petitioner. Likewise, a direct inquiry with Clerk of Court for the North Carolina Court of Appeals disclosed that there were no records for an appeal from the petitioner. Thus, based upon that information, this Court must conclude that the petitioner's convictions and sentence(s) became final at some point in 1998--that is, at the expiration of the brief period during which he could have (but did not) file a direct appeal of those matters.

Such conclusion is all the more reasonable in light of the petitioner's representation that at some unidentified date in 1999, he began his pursuit of collateral review through the filing of a Motion for Appropriate Relief in the Superior Court of Mecklenburg County. Again, however, the petitioner utterly neglected to indicate the exact dates on which that Motion was filed and denied. In any event, inasmuch as the petitioner has indicated that he did

<u>not</u> seek a review of the denial his MAR, giving the petitioner the benefit of the most lenient calculations possible, this Court must further conclude that his convictions and sentence(s) became final no later than December 31, 1999.  Pursuant to the AEDPA, therefore, the instant federal Petition should have been filed in this Court on or before December 31, 2000.  Obviously, however, the petitioner did not file this Petition by that date.

No doubt, the petitioner was aware that his Petition likely would be construed as time-barred.  Despite having been given an opportunity to do so, the petitioner still has failed to articulate a proper basis for tolling the applicable limitation period, or for otherwise extending the time in which he had to file the instant Motion.[1]  Rather, the petitioner, simply set forth a bare-bones list of circumstances as his explanation. In particular, on the page of the Petition which prompts petitioners whose judgments of conviction became final more than one year earlier to explain why the one-year limitations deadline should not bar their petitions,

---

[1]In January 2002, the Fourth Circuit Court of Appeals decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002).  In that case, the Court concluded that "when a federal habeas court, prior to trial, perceives a <u>pro-se</u> petition to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation."  Consistent with that requirement, in December 2004, the Congress amended the rules governing <u>habeas</u> proceedings, and this Court modified its form Petitions to comply with <u>Hill's</u> requirement.  The new <u>Habeas</u> forms now include a section which directs the petitioner to address the "timeliness of [his/her] petition."  In particular, such new provision advises the petitioner that if his/her conviction became final more than one year before the time that the Petition is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2254 does not bar [such] petition."  Accordingly, given the fact that the petitioner has attempted to address the timeliness of his Petition--albeit unsuccessfully-- the Court concludes that it need not provide the petitioner with any additional notice in this matter.

the petitioner, in part, reiterated his previously identified claims:

> See Front Page
> re: Coercion
> Newly discovered evidence
>   not known at time of trial
> Counsel ineffective
> Not legalese [sic] nor competent at time of trial or
>   thereafter
> Awaited NCPLS to reply for assistance for years
>   to no avail
> A deceptive systematic abuse
> Obstacle course erected by NCPLS--Smoke screen
>   and deprive prisoners of court access

Suffice it to say, however, the foregoing thumb-nail sketch falls far short of articulating a reason why this 2005 Petition by which the petitioner challenges his 1998 convictions should be deemed timely filed.

Moreover, the Fourth Circuit Court of Appeals has stated that the equitable tolling of the statute of limitations is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004).

In the instant case, the petitioner claims the existence of newly discovered evidence. However, that assertion is of little consequence since the petitioner did not even bother to identify the nature or type of evidence he had discovered, nor did he indicate how that evidence relates to his claims.

Similarly, the petitioner attempts to have his delay excused on the basis of his assertion that he was unsuccessful in his efforts to obtain assistance from the North Carolina Prisoner Legal Services agency; that those efforts were frustrated by NCPLS's failure to respond to him; and that he was somehow subjected to ineffective assistance of counsel during this post-conviction period. However, because there is no constitutional right to counsel in collateral proceedings such as these, the petitioner cannot rely upon such inaction or even the unspecified ineffective action of an attorney as the basis for extending his limitations period.

Finally, the petitioner asserts that he was not legally competent "at the time of trial or thereafter" in an attempt to have his delay excused. Nevertheless, in the absence of any factual information to support that assertion, it is clear that such an unsubstantiated claim does not warrant any review by this Court.

## III.  CONCLUSION

The petitioner has failed to demonstrate that his Habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

## IV.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED.**

**SO ORDERED.**

Signed: June 23, 2005

Graham C. Mullen
Chief United States District Judge